IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NICHOLAS WASHINGTON, et al.,

     Plaintiffs,

                                    CASE NO.:  5:22-cv-05165-TLB

v.

PIPELIFE JET STREAM, INC.,

     Defendant.
_____

**<u>JOINT RULE 26 REPORT</u>**

     Pursuant to the Court's Initial Scheduling Order, the parties submit the following

joint report as contemplated by the Court's required form.

     **1.    Plaintiff's Statement of the Case.**    Plaintiff Nicholas Washington filed this lawsuit, individually and on behalf of all others similarly situated, against Defendant Pipelife Jet Stream, Inc. for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. 11-4-201, *et seq.* (the "AMWA"). Since filing his Original Complaint, an additional 12 named Plaintiffs have been added to the case, as well as 22 opt-in Plaintiffs after this Court granted Plaintiffs' Motion for Conditional Certification. *See* ECF No. 37. Defendant employed Plaintiffs as hourly paid field workers. Plaintiffs were regularly scheduled to work in twelve-hour shifts, and Plaintiffs would frequently work over 40 hours in a workweek. However, Defendant intentionally implemented practices to avoid paying Plaintiffs their full wages. Plaintiffs were required to clock out within a certain number of minutes after their scheduled shifts ended regardless of if they had actually completed their work. Plaintiffs were frequently required to remain after they had clocked out to complete their work, and this additional time went unrecorded and uncompensated. Plaintiffs are seeking their unpaid wages up to 40 hours per week, and all unpaid compensation at 1.5 times their effective regular rate for all hours worked in excess of 40 hours per week, as well as liquidated damages, and a reasonable attorney's fee.

     **2.    Defendant's Statement of the Case**.  Plaintiffs' allegation that Defendant intentionally implemented practices to avoid paying them their full wages is false. In reality, Defendant required Plaintiffs to clock in before they began working and to clock out after they stopped working. Defendant then paid Plaintiffs for all time they worked,

**JOINT RULE 26 REPORT – Page 1**

including time-and-a-half for any hours over 40 in a workweek, which it routinely paid. Defendant also put in place practices and policies that permitted Plaintiffs to bring inadvertent payroll errors to Defendant's attention. To Defendant's understanding, prior to filing this lawsuit none of the Plaintiffs reported to Defendant that they had worked off the clock or that they had otherwise not been correctly paid. Because there was no unlawful policy common to all Plaintiffs, it is improper to proceed as a collective action. In addition, because Defendant acted in good faith to ensure that it properly paid Plaintiffs as required by state and federal law, they would not be entitled to liquidated damages in any event.

**3.    Are there any Objections pursuant to Rule 26(a)(1)(C) to providing required Initial Disclosures?**  The parties have no such objection and have already exchanged initial disclosures.

**4.     Are there any Objections to the *timing* of Rule 26(a) Initial Disclosures?**  The parties have no such objection and have already exchanged initial disclosures.

**5.    Agreed Document Productions.**  Defendant has produced pay and time records for each plaintiff, as well as its relevant policies and procedures. Plaintiffs will produce any contemporaneous or other records they have that support the claims they are making in this litigation, as well as any records they have reflecting complaints made by them about Defendant's pay practices during their employment.

**6.    Discovery.**

**6(a).  How many months are reasonably necessary to complete discovery—as measured from the date of the Case Management Hearing?**

The parties believe that eight months of discovery, measured from the Case Management Hearing, is sufficient.

**6(b).  Do the parties seek to alter (increase or decrease) the maximum number of written discovery requests allowed by the Rules?  If so, please explain.**

Subject to the understanding that Rule 33 permits Defendant to serve up to 25 written interrogatories, including all discrete subparts, on each plaintiff, neither party seeks to alter the maximum number of written discovery requests allowed by the Rules.

**6(c).  Do the parties seek to increase the maximum number of depositions allowed per side?  If yes, please explain the necessity and state how many depositions per side are proposed**.

Plaintiff does not seek to increase the maximum number of depositions allowed per side. To the extent Defendant proposes conducting a deposition on each named Plaintiff, Plaintiffs do not object. To the extent Defendant proposes conducting a deposition on every Plaintiff, including all opt-ins, Plaintiffs object. The benefits of a collective action are that plaintiffs pool their resources resulting in lower individual costs. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Requiring every Plaintiff, including opt-ins, to participate in a deposition would defeat the purposes of the collective action mechanism, which are reduced costs and increased efficiency. *Id.* Limited discovery on a representative sample would be more appropriate, and Plaintiffs believe that deposing the thirteen named Plaintiffs, or some combination of named Plaintiffs and opt-ins to equal thirteen depositions of Plaintiffs, would still allow Defendant a reasonable opportunity to obtain information and evidence for their defense. Orders limiting discovery to a representative sample of opt-ins are common. *See, e.g.*, *Perez-Benites v. Candy Brand, LLC*, No. 07-cv-1048, 2010 U.S. Dist. LEXIS 115590 (W.D. Ark. Oct. 27, 2010) (limiting individualized discovery in FLSA collective action to twenty percent of the collective).

Defendant proposes that it be permitted to conduct a deposition of up to 4 hours on the record of each plaintiff in this case. Defendant maintains this limited, but individualized, discovery is necessary in light of its due process right to defend and require proof for each claim brought by each plaintiff against it. Individualized discovery is particularly appropriate in this case given that the nature of Plaintiffs' claims—that each performed off-the-clock work—is necessarily individualized. Defendant also notes that Plaintiffs were notified in the Court-ordered notice that they "may be required to . . . sit for depositions" if they joined the lawsuit, Docket No. 33-1 at 7, so none will be surprised by a deposition request.

**6(d).  Please characterize the scope and extent of electronic discovery contemplated by the parties as follows: (i) none; (ii) fairly simple and routine; or (iii) complex.  If your answer is "Complex," then please complete and attach Schedule A.**

Fairly simple and routine.

**JOINT RULE 26 REPORT – Page 3**

**6(e).   Do you anticipate the use of Expert Witnesses at trial?  If so, state proposed dates by which the parties will be in a position to provide initial and rebuttal expert disclosures pursuant Rule 26(a)(2).**

The parties do not currently anticipate the use of expert witnesses but ask the Court to set initial expert disclosure for three months after the Case Management Hearing and to set rebuttal expert disclosures for four months after the Case Management Hearing.

**6(f).   Do the parties presently contemplate the need for a protective order prior to the exchange of documents or information?**

None anticipated at this time.

**7.     State the parties' best estimate as to the number of days reasonably necessary to fully try the case.**

One week.

**8.     State whether 90 days—measured from the Case Management Hearing—is a sufficient amount of time to Add Parties and/or Amend Pleadings.**

Because the opt-in period has already ended, the parties do not anticipate needing any additional time to add parties. The parties believe that 90 days from the Case Management Hearing is sufficient to amend pleadings.

**9.     Settlement Prospects.**

The parties engaged in an in-person mediation conference with Magistrate Comstock on April 10. The conference did not result in a settlement, though the parties are continuing to explore the possibility of a resolution. The parties do not request another settlement conference at this time.

**10.    Special Issues and Schedules.**

____    **Federal Jurisdiction is Disputed**.

____    **Action removed from state court and Plaintiff's Complaint does not specifically allege damages in excess of $75,000.00.**

____    **Diversity Jurisdiction case where any party is a non-corporate entity (*i.e.* LLCs, LLPs, General Partnerships, Trusts, Estates, etc.).**

_\_\_\__   **Original action filed in this Court based on Diversity Jurisdiction where Plaintiff has named one or more "John Doe" Defendant(s).**

**_X_**   **Complaint contemplates certification of a Rule 23 Class Action and/or a Collective Action pursuant to the Fair Labor Standards Act.**

_\_\_\__   **Complaint seeks recovery for personal injuries and/or wage loss.**

**11.   Have all corporate parties filed the disclosure statement contemplated by Fed. R. Civ. P. 7.1?**

Defendant has filed its Rule 7.1 disclosure.

**Schedule F**

**Rule 23 Class Action and/or FLSA Collective Action**

1.     The parties shall confer and provide a detailed statement of their joint recommendations and/or respective positions on how to structure the litigation. or example, should case management be bifurcated into pre- and post-certification phases—with discovery initially limited to certification issues? If so, the parties should discuss and report agreed deadlines (or each party's respective position on deadlines) typically associated with certification and merits phases, including a schedule for expert disclosures and depositions. Such considerations may be structurally different for FLSA cases—but the Court is in equal need of the parties' input and recommendations. In a "typical" Rule 23 class action, the Court's suggested deadline for filing certification motions is about 6 months from the Case Management Hearing, and pure merits discovery—if a class is certified—should last no more than about 6 to 8 months.

The parties do not believe that the case should be bifurcated or that discovery be phased.

The Court has already conditionally certified a collective group and notices have been sent. The opt-in period has closed. The parties request that motions regarding the ultimate certification status of this case be filed no later than six months after the Case Management Hearing, with discovery to close two months thereafter.

The parties do not currently anticipate the use of expert witnesses but ask the Court to set initial expert disclosure for three months after the Case Management Hearing and to set rebuttal expert disclosures for four months after the Case Management Hearing.

Date: April 17, 2023

Respectfully Submitted,

/s/ Colby Qualls
Colby Qualls
Ark. Bar No. 2019246
Josh Sanford
Ark. Bar No. 2001037
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Ste. 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040
Email: colby@sanfordlawfirm.com
Email: josh@sanfordlawfirm.com

ATTORNEYS FOR PLAINTIFFS

/s/ Micah R. Prude
James B. Harris
    Texas Bar No. 09065400
Micah R. Prude (*admitted pro hac*)
    Texas Bar No. 24051216
Bryan P. Neal (*admitted pro hac*)
    Texas Bar No. 00788106
HOLLAND & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751
Email: jim.harris@hklaw.com
E-mail: micah.prude@hklaw.com
E-mail: bryan.neal@hklaw.com

ATTORNEYS FOR DEFENDANT