IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NICHOLAS WASHINGTON, et al.                                                                PLAINTIFFS

VS.                                      CASE NO. 5:22-CV-5165

PIPELIFE JET STREAM, INC.                                                                   DEFENDANT

**ORDER OF DISMISSAL**

On behalf of himself and others similarly situated, Plaintiff Nicholas Washington filed this collective action on August 9, 2022, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* Following the filing of an Amended Complaint (ECF No. 10) by Plaintiff Washington and others, Plaintiffs sought Conditional Certification (ECF No. 11), and Defendant thereafter answered the Amended Complaint and opposed certification. (ECF Nos. 24, 25). Following the stipulated dismissal of some of the Plaintiffs, U.S. District Judge Timothy L. Brooks granted certification, conditionally certifying the matter as a collective action. (ECF No. 37). Class elections were made and a settlement conference was conducted by the undersigned on April 10, 2023. The parties thereafter reached a settlement of all claims for all elected Plaintiffs, and now seek approval of their settlements; in this context, Plaintiffs' counsel has proffered a sample set of executed settlement agreements for the Court's *in camera* review. Separate Plaintiffs Vinny Godino and Alexander G. Miller were dismissed from this action with prejudice, having failed – despite multiple efforts made by counsel – to communicate with counsel concerning the settlement. (ECF No. 61).

Before a Court approves an FLSA settlement agreement, it must determine that "the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Boland v. Baue Funeral Home Co.,* 2015 WL 7300507, at *2 (E.D. Mo. Nov. 18, 2015) (cleaned up). "A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under [the] FLSA." *King v. Raineri Constr., LLC,* 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946)). If the Court finds there is a bona fide dispute, it must next determine that the agreement purporting to settle that dispute is fair and reasonable to all parties. Such determination usually involves considering:

> the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiff's success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case.

*Id.* (citing *Carrillo v. Dandan, Inc.,* 51 F. Supp. 3d 124, 132-33 (D.D.C. 2014)).

The Court is persuaded that a bona fide dispute existed in this case. The parties fundamentally disagreed on the issue of overtime which was allegedly worked by Plaintiffs. The Court is also satisfied that Plaintiffs' settlements are fair and reasonable. All parties were represented by counsel, and it was made known to the Court that, although it was early in the litigation (the case management hearing had not yet occurred), some discovery had been exchanged and considered in evaluation of the claims. Counsel worked together diligently to achieve a settlement based upon a candid consideration of the merits of the Plaintiffs' FLSA claims, the strengths of the defenses to those claims, and the cost of conducting discovery and continuing litigation through trial, including the time value of money and litigation risk.

The Court, having presided over the settlement conference and been involved in post-conference settlement discussions with counsel for the parties, is convinced these settlements are the result of an arms-length negotiation without overreaching by the employer. Moreover, the total amount recovered by the Plaintiffs represents a reasonable and not *de minimis* recovery for Plaintiffs after balancing the expense and uncertainty of proceeding with litigation. Additionally, following resolution of Plaintiffs' FLSA claims, the parties continued their negotiations with the undersigned, and ultimately reached a separate settlement related to Plaintiffs' recoverable attorneys' fees. No issues remain for the Court's adjudication.

For the reasons stated above, the Court finds that the parties' proposed settlement agreements should be, and hereby are, **approved as fair and reasonable**, and Plaintiffs' Amended Complaint **DISMISSED WITH PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. This Court retains jurisdiction to vacate this order and to reopen the action upon cause shown that the parties' settlement has not been completed and that a party wishes this Court specifically to enforce the settlement agreement.

**IT IS SO ORDERED** this 13th day of September 2023.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE